UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO DIPP-PAZ,

                Plaintiff,

          -against-

FACEBOOK,

                Defendant.

18-CV-9037 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendant violated his right to free speech. By order dated July 3, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

    Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses the Court's general complaint form and invokes the Court's diversity of citizenship jurisdiction. Plaintiff lists the place of occurrence as "Face Book account," and the date of occurrence as "September 17, 2018." (Compl. at 5.)

Plaintiff alleges the following:

> It's not the first time that I get block[ed]. Face Book just finds the minimum issue to prevent free speech. A 30 day block shouldn't be allowed. Take the comment out, but don't just block. I have my personal pictures, general things for years. It's like blocking someone from their identity. I find them targetting [sic] people that are not white, straight, or just simply point out the very strict racist history in this country. This needs to stop. Face Book gave platform and keeps giving voice to

2

racist groups, Russian Hakers [sic], Homophobia, etc. Very little has been done and it's sickening.

(*Id.*)

In the section in which Plaintiff is asked to describe his injuries, he states "[n]o fisical [sic] injuries. Just feeling my right to express myself is been push down." (*Id.* at 6.) In the section in which Plaintiff is asked to state the relief he seeks, he states "[n]ot looking for money at this time." (*Id.*)

## DISCUSSION

A.   **Diversity of Citizenship Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. § 1331 and § 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (Section 1331) or when the plaintiff and the defendants are citizens of different states and the plaintiff's state-law claims exceed the sum or value of $75,000 (Section 1332 – diversity jurisdiction). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381,

388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not allege any state-law claims and does not allege that his claims satisfy the jurisdictional amount. Plaintiff does not therefore allege facts demonstrating that the Court has diversity jurisdiction over this action.

**B.     Claims Under 42 U.S.C. § 1983**

Because Plaintiff asserts a claim that Defendant violated his constitutional right to free speech, his claim is construed as a claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**C.     Private Defendant**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Facebook is a private corporation, and Plaintiff does not allege any facts suggesting that Facebook's actions are attributable to the state. *See Fehrenbach v. Zeldin*, No. 17-CV-5282 (JFB) (ARL), 2018 WL 4242452 (E.D.N.Y. Aug. 6, 2018), *see also Doe v. Cuomo*, No. 10-CV-1534, 2013 WL 1213174, at *( (N.D.N.Y. Feb. 25, 2013) (finding that plaintiff failed to establish

that Facebook acted under color of state law for the purposes of joining Facebook as a defendant); *Young v. Facebook, Inc.*, No. 10-CV-3579, 2010 WL 4269304, at *2 (N.D. Cal. Oct. 25, 2010) (finding that Plaintiff's §1983 action against Facebook failed because she "has not alleged any action under color of state law").

**D.    The Communication Decency Act**

Because Plaintiff asserts that Facebook violated his rights to free speech by blocking his Facebook account, the Court also evaluates Plaintiff's claim under the Communication Decency Act (CDA), 42 U.S.C. § 230.

Section 230(c)(2)(A) of the CDA provides that:

No account provider or user of an interactive computer service shall be held liable on account of –

(A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected or not.

47 U.S.C. § 230(c)(2).

An "interactive computer service" is defined as "any information, service, system, or access software provider that provides or enables computer access by multiple users to a computer server . . .. 47 U.S.C. 230(f) (2). "Courts applying this definition have had no trouble concluding that social networking sites like Facebook.com, and online matching services like Roommates.com and Matchmaker.com, are 'interactive computer services.'" *See Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 588 (S.D.N.Y. Jan. 25, 2018) (citing *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140 (E.D.N.Y. 2017).

Defendant's actions to which Plaintiff objects fall squarely within the CDA's exclusion from liability. Any claim under the CDA must therefore be dismissed.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  July 12, 2019
        New York, New York

                                                Louis L. Stanton
                                                    U.S.D.J.